UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK WATSON,

                              Plaintiff,

                -against-

JOHN DOE #1; JOHN DOE #2
CORRECTION OFFICERS,

                              Defendants.

24-CV-9765 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated in Elmira Correctional Facility, brings this action,
*pro se* under 42 U.S.C. § 1983, regarding an incident that occurred in the Bronx, while Plaintiff
was in custody on Rikers Island.[1] By order dated February 19, 2025, the Court granted Plaintiff's
request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the
reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60
days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought
by prisoners who seek relief against a governmental entity or an officer or employee of a
governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma
pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a
claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Plaintiff filed this complaint in the United States District Court for the Eastern District
of New York, and that court transferred the matter here. *See Watson v. Doe*, No. 24-CV-7065
(E.D.N.Y. Dec. 17, 2024).

[2] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The complaint, naming two John Doe correction officers, sets forth the following facts regarding events occurring in the Bronx on September 23.[3] (ECF 1 ¶ II.) On that day, New York City Department of Correction ("DOC") correction officers were driving Plaintiff in a van from Rikers Island to a Bronx County court. Without explaining exactly what happened, Plaintiff alleges that the van "came into contact" with another vehicle.[4] (*Id.*) According to Plaintiff, in the aftermath of the collision, he suffered a "sprained" neck, injuries to his wrist and waist, and continues to experience "a lot of back aches when ever" he lays down or sits up. (*Id.*) Plaintiff seeks $150,000 in damages. (*Id.* ¶ III.)

## DISCUSSION

### A.    Federal claim

Plaintiff filed this complaint under 42 U.S.C. § 1983. A plaintiff proceeding under Section 1983 must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The negligence of a correction official is not, however, a basis for a claim of a federal constitutional deprivation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36

---

[3] Plaintiff does not provide the year, but the Court assumes that these events occurred in 2024.

[4] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). A commonplace vehicle accident may be actionable as a tort claim for negligence under state law, *see Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004), but such an event is not ordinarily the basis for a claim of a federal constitutional deprivation. *See Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2001) ("[M]ere negligence is insufficient as a matter of law to state a claim under section 1983."); *Carrasquillo*, 324 F. Supp. 2d at 436 ("Auto accidents do not, in and of themselves, give rise to federal causes of action."). Generally, "'[a]llegations of a public official driving too fast . . . are grounded in negligence' and are not actionable under Section 1983." *Cuffee v. City of New York*, No. 15-CV-8916 (PGG) (DF), 2017 WL 1134768, at *5 (S.D.N.Y. Mar. 27, 2017).

To establish a due process violation of the Fourteenth Amendment to the United States Constitution under Section 1983, a prisoner must show that a government official made a deliberate decision to deprive him of his life, liberty, or property. *See Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (citing on *Daniels*, 474 U.S. at 331 (1986)). To do so, a pretrial detainee must show that he faced an objectively serious risk of harm and that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

"[T]he failure to provide an inmate with a seatbelt does not, standing alone, give rise to a constitutional claim." *Jabbar*, 683 F.3d at 57-58. "[A]n in-custody plaintiff injured during transport may, however, state a deliberate-indifference claim if he alleges facts in addition to the absence of seatbelts and reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that the defendants were

aware of those conditions." *Chapman v. Doe (One)*, No. 9:19-CV-1257 (GTS)(CFH), 2019 WL 6493971, at *4 (N.D.N.Y. Dec. 3, 2019) (quoting *Cuffee*, 2017 WL 1134768, at *7).

For example, "driving recklessly, at excessive speed, with knowledge that a detainee is being transported in the vehicle – not just without a seatbelt, but within a small steel cage, with hands in handcuffs that are linked at the waist and thus cannot be used to brace or otherwise protect himself – could rise to the level of deliberate indifference to an excessive risk to that detainee's safety." *Cuffee*, 2017 WL 1232737, at *6; *see also Torres v. Amato*, 22 F. Supp. 3d 166, 176 (N.D.N.Y. 2014) (denying defendants' motion for summary judgment because of evidence showing that officer refused to buckle seatbelts even though detainees were restrictively confined in handcuffs and ankle shackles and Defendants were aware that recklessly driving the transport van created a substantial risk of harm to them).

Here, Plaintiff does not indicate whether he was wearing a seatbelt. He alleges simply that the DOC van in which he was a passenger collided with another vehicle, and that as a result he sustained physical injuries. The complaint does not provide facts regarding the conduct of the DOC employee involved or the manner in which he was being transported in the van. Plaintiff thus fails show that any defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. In fact, on the facts provided, the Court could not even determine that any DOC employee was negligent. Plaintiff's allegations thus fail to state a claim under Section 1983. The Court grants Plaintiff leave to file an amended complaint, should he wish to do so, to provide any additional facts showing that any DOC employee was deliberately indifferent to Plaintiff's health or safety.

B.    **State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because the Court is granting Plaintiff leave to file an amended complaint, it will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims, should he wish to do so.

First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-9765 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 27, 2025
          New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____
_____
_____
_____
_____

Jury Trial: ☐ Yes    ☐ No

(check one)

___ Civ. _____ (   )

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff's        Name_____
                   ID#_____
                   Current Institution_____
                   Address_____
                   _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant  No.  1        Name _____ Shield #_____
                         Where Currently Employed _____
                         Address _____
                         _____

*Rev. 01/2010*                                              1

Defendant  No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

D.    Facts:_____

**What happened to you?**

_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____

| Who else saw what happened? |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?

        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

        _____

        1.      Which claim(s) in this complaint did you grieve?

          _____

          _____

        2.      What was the result, if any?

          _____

          _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

        _____

        _____

        _____

        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:

          _____

          _____

          _____

_____
_____
_____

       2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*               5

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border:1px solid">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

       If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff    _____

                    Inmate Number          _____

                    Institution Address     _____

                                       _____

                                       _____

                                       _____


Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


                    Signature of Plaintiff:   _____